## No. 6742.

STATE EX REL. E. G. HUNTER, DISTRICT ATTORNEY, VS. JUDGES OF THE NINTH AND SEVENTEENTH JUDICIAL DISTRICTS.

The application for a mandamus to compel a district judge to preside at the trial of a criminal case in an adjoining district, does not bring the case before this court, and hence the law limiting the jurisdiction of this court in criminal cases does not apply.

Section 1068 of the Revised Statutes of 1870, providing for the interchange of two neighboring district judges, when one of them is recused, is unconstitutional.

When a judge is recused in a case in which he is *not* personally interested, he must select a lawyer, of proper qualifications to try it. When he *is* personally interested, the parish judge must preside in his stead.

ON application for a mandamus.

*E. G. Hunter*, District Attorney for the Ninth Judicial District, for relator.

Respondents for themselves.

The opinion of the court was delivered by

MANNING, C. J. An indictment for murder is awaiting trial in the parish of Rapides. P. M. Richardson, is the party accused, and he is the

50

brother in law of the judge of the district in which is that parish. The district attorney, proceeding under sec. 1068 of the Revised Statutes, gave notice to the presiding judge that he was recused in that case, and also that the judge of the seventeenth district, which adjoins the ninth, will be called on to hold the next term of court in the latter. He also gave notice to the judge of the seventeenth district that he would be required to hold that term. The two judges refuse to interchange, and the prosecuting officer has taken this proceeding by mandamus to compel them to comply with the requirement of that statute which is, that it shall be the duty of the judges thus notified to interchange accordingly.

The judges answer that the law requiring their interchange is unconstitutional, and the judge of the ninth district also pleads want of jurisdiction, in this to wit, that this court can issue a mandamus only in aid of its appellate jurisdiction, and that jurisdiction is restricted to those cases in which the punishment of death, or imprisonment at hard labor, or a fine exceeding three hundred dollars, is actually imposed.

The criminal proceeding is not before us now, but an original process, the object of which is to ascertain whether a judge wrongfully refuses to perform what is alleged to be his duty, and to compel its performance if that refusal is wrongful. The alleged duty is to interchange with the judge of an adjoining district for the purpose of trying, or having tried a prosecution for murder, and our inquiry is confined to the question of whether the law which imposes that duty upon him is constitutional. The exception to the jurisdiction is overruled.

The constitution prescribes that a judge shall select a lawyer to try recused cases in which he is not personally interested, and when he is thus interested the parish judge must be called on to try the case if it be in the district court. art. 90. All the cases in which a judge may be recused are thus divided into two classes, the ingredient of personal interest being the distinctive feature of the one, and the want of it that of the other. It seems to have been the special object of that article to contrive a mode by which the cases, in which a judge is recused, might be speedily tried and without the delay and inconvenience consequent upon an interchange of judges. There is a careful omission of any provision touching such interchange, although it had been of frequent practice under the constitution of 1852. The revisal of the statutes, made in 1870, reproduces the law of 1858 which dictated to the district attorney the course followed in the present instance, and it is argued by him that the insertion of that law in the revisal, with article 90 of the constitution of 1868 in force, shews that a conflict between them was not then supposed to exist.

Nevertheless we think they are in conflict, and that section 1068 of the Revised Statutes must therefore be declared null.

State ex rel. Hunter vs. Judges of the Ninth and Seventeenth Judicial Districts.

The criminal prosecution of the judge's brother-in-law is not a case in which that officer is personally interested in the sense in which those words are used by the constitution, and therefore he must select a lawyer, who has the qualifications required for a judge of his court, to try the case. The district attorney very aptly inquires, if pecuniary interest is a sufficient and proper reason for depriving a judge of the liberty of selecting a lawyer to try a case, can it be possible that the framers of the constitution intended to confer that power upon him when the case is a criminal prosecution in which the life of a near relative is involved, or when disgrace to some member of his family would be the consequence of conviction.

We are very sensible of the grave omission to provide for such cases, and of the danger which might sometimes attend the exercise of the power to appoint a lawyer, where the prosecution, if successful, would entail painful consequences upon the judge. Our only answer to this appeal to our perception of the unfitness of entrusting this power to the judge is *ita lex scripta est*, and we must assume that a judge, in exercising this delicate function, will be more than ordinarily careful to select a lawyer whose ability and impartiality is both unquestioned and unquestionable so that the administration of the law may be above reproach.

It is therefore ordered that the provisional writ heretofore granted be set aside, and the peremptory mandamus is refused at the costs of the relator.